**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **YOLANDA FLORES NIEMANN,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CASE NO. 4: 17-CV-206** |
| **V.** | § | |
| | § | |
| **UNIVERSITY OF NORTH TEXAS** | § | **JURY TRIAL REQUESTED** |
| | § | |
| *Defendant* | § | |

## COMPLAINT

**COMES NOW** Yolanda Flores Niemann and files this Complaint against the Defendant University of North Texas (UNT) alleging that Defendant UNT has committed an act of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, and deprived her of her constitutional rights under color of law in violation of 42 U.S.C. §1983 and in support thereof respectfully shows the Honorable Court as follows:

Respectfully submitted,

**HINDMAN/BYNUM, P.C.**

 */S/* Michael J. Hindman
Michael Hindman
State Bar No. 24000267
Michael.hindman@hindmanbynum.com
5005 Greenville Ave., Suite 200
Dallas, Texas 75201
Phone No.      (214) 941-4611
Fax No.          (469)906-2340
**ATTORNEY FOR PLAINTIFF**

# I.

## JURISDICTION & VENUE

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 20003 *et seq*.

2. Venue is proper in the Eastern District of Texas, Sherman Division, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

3. Plaintiff Yolanda Flores Niemann is an individual who resides in Denton County, Texas.

4. Plaintiff is a Hispanic woman who is entitled to protection from employment discrimination on the basis of race or sex under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 20003 *et seq*.

5. Defendant University of North Texas (UNT) is a public university, and therefore a state actor, located in Denton County, Texas.  UNT has agreed to waive service of process pursuant to FED. R. CIV. P. 4.

# II.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed a charge of discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission (EEOC) on January 13, 2017. On January 18, 2017, the EEOC issued a Dismissal and Notice of Rights to Plaintiff.

## III.

## <u>FACTS</u>

7. Plaintiff Yolanda Flores-Niemann, Ph.D. is a currently a professor of psychology employed by Defendant University of North Texas (UNT).  From 2012 through 2015, Professor Flores-Niemann served as Senior Vice Provost for Academic Affairs at UNT. Prior to coming to UNT, she had served as Vice Provost and Dean at Utah State University, and held numerous administrative positions at Washington State University, including Chair of the Department of Comparative Ethnic Studies. She has been Principal Investigator of over 40 million dollars in federal outreach grants. Her most prominent research areas include the effects and social ecological contexts of stereotypes, especially in academia, and the psychological effects of tokenism. Her most recent book (coedited) is *Presumed Incompetent: The Intersections of Race and Class for Women in Academia*, which has been featured in the *Chronicle of Higher Education*. Other books include *Black/Brown Relations and Stereotypes*, and *Chicana Leadership*. She has notable chapters in *To Improve the Academy; The Handbook of Chicana and Chicano Psychology and Mental Health*; *The Handbook of Racial and Ethnic Minority Psychology*; as well as numerous articles in refereed journals including: *Journal of Applied Psychology*; *Journal of Applied Social Psychology*; *Sociological Perspectives*; *Personality and Social Psychology Bulletin*; *The Journal for the Theory of Social Behavior*; *Frontiers: A Journal of Women's Studies*, and *Hispanic Journal of Behavioral Sciences*.  As of the time of this filing, her book *Surviving and Thriving in Higher Education* is expected in print in the coming weeks, published by the American Psychological Association.     She is eminently qualified for her position of employment.

8. On June 19, 2012, Professor Niemann entered into a contract with UNT to become Senior Vice Provost at UNT, an administrative position of high esteem.  With this promotion came not only a position of great esteem and responsibility, but a substantial raise in pay.  Prior to accepting the position, then-UNT Provost and Vice President of Academic Affairs, Warren Burggren told Plaintiff that UNT under UNT policy 15.1.10, "Tenured Administrators Returning to Full-time Academic Status" (which is now numbered 06.009) and UNT custom, administrators returning to faculty at UNT are entitled to receive ¾ of their administrative salary, as long as they did not make more than the highest paid person in their department.[1]

9.   Indeed, this provision was memorialized in writing in Plaintiff's employment contract. The agreement between UNT and Plaintiff provided that, in the event that Plaintiff would be removed from her administrative role and returned to a purely faculty position, she would be entitled to receive 75% of the salary she received as provost.

9.  In 2015, UNT removed Plaintiff from her position as Senior Vice Provost and returned her to the faculty.   Contrary to the agreement she entered into with Defendant in 2012 and the custom of the University, Plaintiff did not receive 75% of the salary she had earned as an administrator.  Her pay was slashed not by 25%, but by 33%.

10. At the same time that Plaintiff was removed from her administrative role and reassigned to the teaching faculty, three other former professors who had been working in administrative roles were also removed from those roles and returned to the faculty. Plaintiff, a Hispanic woman of Mexican descent, was the only member of this group who

---

[1]  Had Plaintiff received 75% of her administrative salary upon return to faculty, it would not have violated this rule.

was not white / Caucasian.  Plaintiff was assured by UNT President Neal Smatresk that none of the four in this group would receive 75% of their administrative salary upon demotion to faculty.  This was untrue.  The three other individuals who were removed from their administrative roles—all of whom are white / caucasion—did, in fact, receive 75% of their administrative salaries when returned to faculty as is the custom at UNT. Incredibly, a provision was in Plaintiff's employment contract with UNT promising that she would receive 75% of her administrative salary in the event she was demoted back to faculty, but it was not in the contracts of any of the other three individuals who were demoted from administration to faculty at the same time.   The sole reason for this disparate treatment in pay is Plaintiff's status as a Hispanic of Mexican descent.

11. Plaintiff has been the victim of this discriminatory practice and disparate treatment for the past two academic years and continues to be affected by this discriminatory practice as of the date of the filing of this complaint.

**IV.**

**<u>FIRST CAUSE OF ACTION</u>**

**Racial Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Restoration Act of 1991**

12. Plaintiff realleges paragraphs 1-11 as if set forth fully herein.

13. Plaintiff has been subjected to racially-motivated disparate treatment discrimination by Defendant.

14.  Plaintiff, a Hispanic woman, is within the class protected by Title VII of the Civil Rights Act of 1964.

15.  Defendant's conduct and practices described above constitute discrimination based on race, color and national origin in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.

16.  Defendant's unlawful discrimination was intentional.

## V.

## SECOND CAUSE OF ACTION

### Racial Discrimination in violation of  Civil Rights Act of 1866 as codified at 42 USC § 1981 / Deprivation of Civil Rights under Color of Law as codified at 42 USC § 1983

17. Plaintiff realleges paragraphs 1-11 as if set forth fully herein.

18.  Defendant has violated Plaintiff's rights under clearly settled law pursuant to 42 USC § 1981.

19.  Defendant's conduct and practices described above constitute a deprivation of her civil rights under color or law pursuant to 42 USC § 1981.

20.  Defendant's violations of Plaintiff's well-settled civil rights was intentional.

## VI

### PRAYER

21.      Wherefore, Plaintiff respectfully requests that the Defendant be cited to answer this Complaint, and to defend against the allegations contained herein. Plaintiff asks that the Court award her to the fullest extent allowed by law:

A. Reinstatement and/or front pay;

B. Compensatory damages, including back pay, and compensation for lost benefits, emotional distress and suffering;

C. Exemplary damages;

D. Attorneys' fees;

E. Costs, including expert witness fees; and

F. Such other and further relief to which Plaintiff may be entitled.

Dated this 24th  day of March, 2017.